NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELA DAWN DOWLING,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>Defendants. | Civil Action No. 24-08428 (RK) (TJB)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the application of Plaintiff Angela Dawn Dowling ("Plaintiff") to proceed *in forma pauperis*, together with Plaintiff's Complaint, against Defendants the Federal Bureau of Investigation, the "United States Marshals Office," the "United State[s] Federal Marshals," and the "United State[s] Marshals Service" (collectively, "Defendants").[1] (ECF No. 1 ("Compl."); ECF No. 2 ("IFP").) For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. However, her Complaint is **DISMISSED** without prejudice.

**I. BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff, who resides in

---

[1] Plaintiff initially filed this Complaint in the United States District Court for the District of Arizona. (*See* Compl. at 1.) Given that Plaintiff did not allege any facts or claims connected to Arizona, the Honorable Judge Cindy K. Jorgenson, U.S.D.J. ordered the matter transferred to the District of New Jersey because "[s]ome of the events or omissions giving rise to Plaintiff's claims occurred in New Jersey," making the District of New Jersey a more proper venue under 28 U.S.C. Section 1391(b). (*See* ECF No. 4 at 2.)

California, filed a six-page Complaint alleging "police brutality, violating civil right [sic], unlawful detained [sic], unlawful imprisonment, kidnapping, [and] cyber [sic]" against Defendants. (Compl. at 1–3.) Plaintiff alleges generally that from 2019 through the present, she has been "getting cyber attacked." (*Id.* at 4.) She appears to also allege other injuries that occurred across New Jersey, Texas, and California during the same time period, including "police brutality" and something she refers to as "fraud court documents." (*Id.*) Plaintiff additionally alleges a "kidnapping" that purportedly occurred in New Jersey. (*Id.*) Plaintiff claims she was "left homeless," "left jobless," "left carless," and "left clothesless [sic]." (*Id.* at 5.) She asks the Court to "please file[] investigation" and "put order in place for this crime been done too [sic] me several times." (*Id.*)

With her Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. (*See* IFP.) Plaintiff's application indicates she currently has no income, though she was receiving $15,000 in monthly pay while employed by Amazon from 2017–2022.[2] (*Id.* at 1–2.) Plaintiff indicates her only asset is a 2009 Mini Cooper, and further, her monthly expenses total $209.00 for food. (*Id.* at 3–4.)

## II. <u>LEGAL STANDARD</u>

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e)

---

[2] Plaintiff also lists "Uber" in her employment history, but she does not provide her dates of employment or gross monthly pay for that position. (*See* IFP at 2.)

empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. DISCUSSION

#### A. *In Forma Pauperis* Application

In order to proceed *in forma pauperis,* Section 1915(a) requires Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)).

Plaintiff's *in forma pauperis* application indicates Plaintiff currently has no income. (IFP at 1.) However, Plaintiff has expenses totaling $209.00. (IFP at 4.) Because Plaintiff's expenses exceed her income, the Court finds that Plaintiff has pled her circumstances with sufficient particularity and **GRANTS** Plaintiff's *in forma pauperis* application.

#### B. Review of Complaint

Having granted Plaintiff's application to proceed *in forma pauperis*, the Court turns to reviewing the merits of Plaintiff's Complaint. The Court may dismiss any claims that are "(1) . . .

frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3). Rule 8's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

The Court finds that the Complaint does not pass muster under Federal Rule of Civil Procedure 8(a).[3] *First*, the Complaint does not indicate what causes of action Plaintiff seeks to assert in this matter. Instead of explaining what "federal statutes, federal treaties, and/or provisions

---

[3] The Court notes that the lack of detail provided in the Complaint as to Plaintiff's claims and allegations leaves the Court to only guess as to the propriety of its jurisdiction over this matter. As the District of Arizona found, it appears at least part of Plaintiff's claims arise out of events that occurred in New Jersey, including the allegation of kidnapping. (*See* ECF No. 4 at 2; Compl. at 4); *see also* 28 U.S.C. § 1391(b)(2) (noting a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ."). Further, because Plaintiff appears to be exclusively seeking injunctive relief against Defendants, the Court will presume that sovereign immunity does not pose a barrier to the Court's jurisdiction at this juncture.

4

of the United States Constitution" are at issue in the case—as asked of Plaintiff on the *pro se* form Complaint she completed—Plaintiff wrote "police brutality, violating civil right [sic], unlawful detained [sic], unlawful imprisonment, kidnapping, [and] cyber [sic] '2019–present every year.'" (Compl. at 3.) Thus, the Complaint fails to provide Defendants with notice of the legal bases of Plaintiff's claims, warranting dismissal under Rule 8(a). *See Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) ("[D]ismissal is appropriate in cases where the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." (internal quotations omitted)); *Johnson v. Daniels*, No. 24-782, 2024 WL 3361435, at *2 (D.N.J. July 8, 2024) (dismissing complaint that failed to "give enough detail to rise to a cause of action"); *Edwards v. Hillman Grp., Co.*, No. 18-11955, 2019 WL 6696279, at *3 (D.N.J. Dec. 9, 2019) (dismissing complaint that "d[id] not plead any cause of action").

*Second*, the Complaint does not contain a "short and plain statement" showing Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). While the Complaint refers to "police brutality," "kidnapping," and "fraudulent court documents," Plaintiff never connects these vague allegations to any of the Defendants. (*See* Compl. at 4.) In fact, other than being named as Defendants in the matter, none of the Defendants are mentioned in the Complaint at all. (*See generally*, Compl.); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). Therefore, because Plaintiff's Complaint fails to meet Rule 8's requisite standard of pleading, Plaintiff's Complaint is **DISMISSED** without prejudice.

5

**IT IS** on this 30th of September, 2024, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**;

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice;

3. The Clerk's Office is directed to **CLOSE** this matter;

4. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint;

5. Upon receipt of an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case, and the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e); and

6. The Clerk's Office shall serve on Plaintiff by regular U.S. mail this Memorandum Order to her address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**